## ISRAEL ARMSBY v. DANIEL WOOD.

A party examined before a master by order of court on the matters in reference, has a right to give every explanation in relation to the matters enquired about; but he is not thereby made a witness for himself as to other and distinct matters.

But the master having received the defendant's testimony at large, and being now out of office, and that testimony having had an extensive influence upon the report, a new reference was directed.

THIS was a bill for an account. Upon the reference before the master the complainant examined the defendant on certain points. It was then insisted that the defendant might go on and testify to other and distinct matters in reference, and the master having allowed him to do so, the matter now came up upon exceptions.

Mr. RANDALL, for the complainant, said that this examination is in the nature of a bill of discovery, in which the plaintiff may confine the inquiry to such points as he thinks proper, and the defendant can not by stating other and distinct matters, compel the plaintiff to take them as part of the discovery. He went into a very full examination of the cases, and cited 7 Ves. 587. 404. Amb. 589. 2 John. ch. 511. 1 Vern. 283. 2 Fonb. 450. n. c. 1 Vern. 470. 2 Atk. 209. He said that this is not like the case at law, where a party calling a witness can not object to his testimony, but it is the case of an admission; and that the difference between the two cases might be strikingly exemplified in this manner : no number of witnesses can establish a fact against the party's own admission. But if the defendant were to be considered merely as a witness he might be countervailed by other witnesses.

Mr. BIRDSEYE and Mr. D. WOOD insisted, that by calling on the defendant to be examined, the complainant had made

him a witness. He had made him a witness throughout. They cited Peake's ev. 157. 5 Mass. rep. 334.

THE CHANCELLOR. Upon the hearing before the master, the complainant examined the defendant, upon certain particular subjects of the reference ; and the defendant as a witness, then also gave testimony in his own favor, upon other subjects in reference, distinct from those upon which he had been examined by the complainant. This latitude of examination, was opposed by the complainant; but the master being of opinion, that when the complainant examines the defendant, the latter is made a witness as to all the matters in reference, *so decided ; and much testimony was given by the defendant,* upon subjects unconnected with those upon which he was examined by the complainant.

I do not concur with the master in this decision. The rule of the English chancery, that a defendant accounting may discharge himself by his own oath, from sums not exceeding forty shillings, is by no means so extensive ; and that rule is itself, an exception to general principles. The defendant was here indeed, examined by the complainant ; but the complainant's intention was, to examine the defendant, concerning certain particular transactions, and not to make him a witness in the cause, at large. When the defendant was interrogated in respect to any fact or transaction, he had a right to give all his testimony upon that subject, whether it might be favorable to himself or to his adversary : but it can not be proper, that a party should become a witness for himself, in respect to transactions wholly distinct from those which are the subject of interrogation. A defendant thus examined by the complainant, stands in effect, in the same situation, as if he were called to answer a bill of discovery. He must answer upon the subject put to him ; and he may give every explanation applicable to that subject.

The subjects of reference were here various ; and many of the facts to be ascertained, were wholly distinct from each other. The master has given such parts of the testimony as the parties requested him to report ; and it is agreed, that a portion of the testimony taken by the master, is not before the

court.  The testimony of the defendant, has had an extensive influence upon the master's decision and report : and as the cause now stands, it is hardly possible, to separate those parts of the defendant's testimony, which should have been rejected, from those which should have been received ; or to attain the justice of the case, by any decision which can be made upon the exceptions now depending.  The English chancery often directs a master to review his report ; but in this case, the master who made the report, is not now in office.  In these circumstances, the only safe course seems to be, that a new hearing should take place ; and the cause is therefore, again sent to a master, to execute the former order of reference.